UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| ERIC D. SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-0320 AS |
| | ) | |
| WILLIAM K. WILSON, | ) | |
| | ) | |
| Respondent. | ) | |

*OPINION AND ORDER*

Petitioner Eric Smith submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, addressing a prison disciplinary hearing. The petitioner seeks damages, expungement of the disciplinary hearing, and injunctive relief precluding the Indiana Department of Correction from utilizing part of its disciplinary code. The court entered an order requiring the respondent to show cause why the court should not grant the writ and to submit the administrative record. The petitioner has now submitted a morion for summary judgment.

A petitioner is not entitled to damages in a habeas corpus proceeding. Moreover, the petitioner's submissions establish that he is not entitled to any other relief in this action because he has not suffered a sanction that is actionable under Section 2254.

In his petition, Mr. Smith says that the disciplinary board sanctioned him with a loss radio privileges for sixty days and that he was retained in credit class III, which kept him in segregation and kept his release date "maxed out." Mr. Smith has no liberty interest in not losing radio privileges or not being kept in segregation. See *Higgason v. Farley*, 83 F.3d

807 (7th Cir. 1996). Mr. Smith was not demoted to a lower credit time earning class; he was retained in the class he was already in.

Mr. Smith asserts that his retention in credit class III is actionable in a petition for writ of habeas corpus because it means he will not be released earlier than he is currently scheduled to be released.  While it is true that remaining in credit class III may mean that he will serve his entire sentence, it does not mean he has a valid constitutional challenge to a disciplinary hearing in which he did not lose good time credits and was not demoted in credit time earning class.

If Mr. Smith were in credit class II and received a sanction that kept him in credit class II and did not take away earned credit time, he could not to challenge that sanction in this court. Likewise, he cannot challenge this sanction that may have kept him in segregation and kept him in credit class III, but did not take away earned credit time.

A prisoner may challenge a disciplinary sanction that changes his release date by means of a petition for writ of habeas corpus. He may not, however, challenge a sanction that does not change his release date. The sanction imposed on Mr. Smith by the prison disciplinary board in this case did not change his release date, so he may not challenge that sanction by means of a petition pursuant to § 2254.

Mr. Smith's petition for writ of habeas corpus must, therefore,  be denied on its face based on Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, which allows for the dismissal of a petition because it plainly appears from the face

of this petition that the petition is not entitled to relief. *See Dellenbach v. Hanks*, 76 F.3d 820 (7th Cir. 1996).

For the foregoing reasons, the court the court **DENIES** the petitioner's motion for summary judgment (docket #5), **DISMISSES** this petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, and **RELIEVES** the respondent of the obligation to respond to the petition.

  **IT IS SO ORDERED**

  **ENTERED:** October 3, 2006.


            **S/ ALLEN SHARP**
            **ALLEN SHARP, JUDGE**
            **UNITED STATES DISTRICT COURT**